Informal Opinion Lawrence H. Weintraub, Esq. Village Attorney Village of Sharon Springs P. O. Box 268 Slingerlands, N Y 12159
Dear Mr. Weintraub:
You have asked whether as village attorney you have a conflict of interests resulting from your representation of a private client. Specifically, you represent a family that intervened in a subdivision application before the town planning board and you commenced an Article 78 proceeding resulting in a judicial order annulling the approval of the application and remanding it back to the planning board. The mayor of the village you serve as village attorney is a member of the town planning board and has voted at various times both for and against your client's position.
In our view, there is no conflict of interests under these circumstances. Preliminarily, we note that in a prior opinion we found that it is compatible for a person to serve both as the mayor of a village and as a member of a town planning board. Op Atty Gen (Inf) No. 86-58. In our opinion, we noted that town zoning regulations are not applicable in a village. Villages are authorized to enact their own zoning regulations. Id. Therefore, we found that the positions are compatible. We noted that should a particular town zoning matter affect the interests of both town and village residents, the remedy is recusal. Id. For similar reasons, we see no conflict between your representation of a private client before the town planning board and service as the village attorney. The mayor is holding compatible positions and there is no conflict between your private practice in the town and your position as village attorney.
We believe, however, that the mayor, subsequent to your appointment as village attorney, should recuse himself from the planning board during any board actions relating to the application in which you represent private clients before the board. The relationship between the mayor and his municipal attorney would otherwise create, in our view, at least an appearance of impropriety.
We conclude that a lawyer's private practice before the town planning board, of which the mayor is a member, does not preclude his appointment as village attorney.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions